UNITED STATES DISTRICT
Eastern District of Virginia
Newport News Division

FILED
AUG -9 2010
CLERK, US DISTRICT COURT
NEWPORT NEWS,

TIMOTHY WAYNE HOLLOWAY, )
　　　　　　　　　　　　　　　　　　)
　　Plaintiff　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　) Case No. 4:10cv93
　　　　　　　　　　　　　　　　　　)
PAGAN RIVER DOCKSIDE SEAFOOD, INC., )
a Virginia corporation,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
JOSEPH L. MELZER, JR.　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　　　　)

SERVE:

Johnny C. Cope, Esq.
Registered Agent for
Pagan River Dockside Seafood, Inc.
11836 Canon Boulevard, Suite 100
Newport News, VA  23606

SERVE:

Joseph L. Melzer, Jr.
Box 67
Newport Street
Battery Park, VA  23304

## COMPLAINT UNDER JONES ACT FOR MAINTENANCE AND CURE – INJURY BASED UPON NEGLIGENT FAILURE TO MAINTAIN EQUIPMENT IN PROPER WORKING ORDER

Action by Seaman Under Special Rules for Seamen to Sue Without Prepayment of Cost or Fees, for Enforcement of Law of the United States, Protection of Health and Safety at Sea.

　　The Plaintiff, Timothy Wayne Holloway, by his attorney, complaining of the Defendants, alleges upon information and belief:

1. This action arises under Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. § 688 as hereinafter more fully appears.

2. At all times hereinafter mentioned, the above named defendant, Pagan River Dockside Seafood, Inc., was and now is a corporation organized and existing under and by virtue of the laws of the State of Virginia and at all these times was and is doing business in the State of Virginia, with the office of its registered agent in

Newport News, Virginia, within the jurisdiction of this Court. Joseph L. Melzer, Jr., is the chief operating officer and is responsible for the upkeep of the company's facilities

3. At all times hereinafter mentioned, the above named Defendant, Pagan River Dockside Seafood, Inc., was and is in the Eastern District of Virginia.

4. The Plaintiff is a seaman and this action is brought to recover damages for personal injuries under a Federal Statute, to wit, Section 33 of the Merchant Marine Act of June 5, 1920, amending Section 20 of the Seamen's Act of march 4, 1915, 46 U.S.C.A.App § 688, and jurisdiction herein is claimed by virture of the statute.

5. That during all the times hereinafter mentioned, the Defendants leased an oyster boat to the Plaintiff.

6. At all times hereinafter mentioned, the oyster boat was and still is in use as an oyster vessel.

7. At all the times hereinafter mentioned and more particularly from on or about December 8, 2009, to and including the current date, Plaintiff was a self-employed waterman and leased the oyster boat from the Defendants and the Defendants would then purchase the Plaintiff's oyster catch from him.

8. On or about December 8, 2009, while the Plaintiff was engaged in the course of his duties in attempting to unload his catch on Defendant's, Pagan River Dockside Seafood, Inc., dock, managed by Defendant Joseph L. Melzer, Jr., and located in Battery Park, Virginia, when the conveyor belt, which was not properly secured, moved inappropriately and trapped Plaintiff's hand, and he was caused to sustain serious and permanent personal injuries.

9. Plaintiff was injured wholly and solely though the negligence of the Defendants, their agents, servants and employees and without fault on his part, in failing and neglecting to provide the plaintiff with a safe place in which to work; in failing and neglecting to provide him with safe and competent superiors, fellow servants, and co-employees; in failing and neglecting to take the customary steps to protect the Plaintiff's person; in failing and neglecting to carry out the work in a safe and proper manner and through the negligence of the Defendants' agents, servants and employees.

10. The injuries were not due to any fault of the Plaintiff but were due to the faults or negligence of the Defendants, their agents and servants, consisting as follows:
    a. Failure to provide and maintain reasonably safe and proper appliances;
    b. Failure to provide and maintain a reasonably safe and proper place to work;
    c. Negligence of the person in charge of fishing operations at the time.
    d. Negligence of fellow servants;
    e. Negligence in other respects as may appear at the trial.
11. By reason of the personal injuries, Plaintiff has been disabled, has suffered and will suffer physical pain and mental anguish, has and will be prevented from attending to his work, has lost and will lose sums of money which he otherwise would have earned, and has been obliged to undergo medical care and attention and is still undergoing the same and Plaintiff will be permanently injured, all to his damage.
12. By reason of the occurrence and the injuries plaintiff thereby sustained, plaintiff has been and will be required to spend large sums of money for his maintenance and cure.
13. That by reason of the allegations in the two causes of action of this complaint Plaintiff has been damaged in the sum of Two Million Dollars.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the sum of One Million Dollars ($2,000,000.00) together with the costs and disbursements of this action.

TIMOTHY WAYNE HOLLOWAY

BY: /s/ Kevin P. Shea
Of Counsel

Kevin P. Shea, Esquire
34 West Queens Way
Hampton, Virginia 23669
757-727-7767