UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TIMOTHY WAYNE HOLLOWAY,

    Plaintiff,

v.                                                                                                              ACTION NO. 4:10-cv-00093

PAGAN RIVER DOCKSIDE SEAFOOD, INC.
and
JOSEPH L. MELZER, JR.,

    Defendants.

## OPINION & ORDER

Defendants, Pagan River Dockside Seafood, Inc. and Joseph L. Melzer, Jr., filed this Motion for Summary Judgment on August 2, 2012. (ECF No. 50 and 51). Plaintiff, Timothy Holloway, then filed a Memorandum in Opposition on August 16, 2012, (ECF No. 52) and the Defendants filed a Rebuttal Brief in Support of Motion for Summary Judgment on August 22, 2012. (ECF No. 53). For the reasons stated below, the Defendants' motion for summary judgment is DENIED.

## FACTUAL BACKGROUND

This action by the Plaintiff relates to an injury he suffered at the Defendants' building. On December 8, 2009, the Plaintiff was shucking oysters in the Defendants' warehouse and moved a conveyor belt that was used to process oysters. Pl's. Dep. 6, 46-48, June 25, 2012. (ECF No. 51-1). When he moved the conveyor belt the Plaintiff's left pinky was injured and had to be amputated at the first joint. Pl's. Dep. 46-48.

Prior to his injury, the Plaintiff did a number of jobs for the Defendants. He went crabbing under Defendant Melzer's license, he dredged oysters using Defendant Melzer's boat and he shucked oysters at Defendant Melzer's building. Pl's. Dep. 9-20. When he dredged oysters and went crabbing, the Plaintiff used Defendant Melzer's boat and during the summer months Defendant Melzer would pay for gas and other expenses of the boat. Pl's. Dep. 43-44. During other times of the year, the Plaintiff would pay for expenses. Pl's. Dep. 43-44. The Plaintiff only sold his product to the Defendants and the Defendants paid him either per bushel or a flat fee for the day's work. Pl's Dep. 16-17. When the Plaintiff shucked oysters for the Defendants, as he did on the day of the injury, the Plaintiff was paid per bushel shucked. Pl's Dep. 17-18. The Plaintiff did not only shuck oysters that he caught, but also shucked oysters purchased by the Defendants that were brought in by six to eight other people. Pl's Dep. 17-18.

## STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party "seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. Id. at 255. Finally, either party may submit as

evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c). The nonmoving party may rebut the motion for summary judgment "by any of the kinds of evidentiary materials listed in Rule 56(c)." Celotex, 477 U.S. at 324. The non-moving party "may not rest upon mere belief or conjecture," and must "set forth specific facts" to show that there is a genuine issue of material fact. Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995).

In making and responding to a motion for summary judgment, Local Rule 56 (B) of the Rules of the Eastern District of Virginia requires that each party set forth those facts it believes to be undisputed. Briefs in support of a motion for summary judgment must "include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed." E.D. Va. R. 56 (B). Similarly, each brief in opposition to a motion for summary judgment must "include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." Id. Further, "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Id.

## DISCUSSION

1. Rule 56 (B)

As an initial matter, the Plaintiff did not list the material facts that the Plaintiff disputes, and failed to cite to the record as required by Local Rule 56 (B). In light of this, the Court conducted an independent review of the factual information in this case, and in its discretion

3

reviewed those specific facts that the Defendants argue are undisputed. See E.D. Va. R. 56 (B). This review of the record revealed that the facts are not sufficient to grant summary judgment. The first issue raised by the Defendant, the question of whether the Plaintiff was an employee, is a question of fact, and the facts do not establish whether an employer-employee relationship existed. Similarly, the issue of whether the Plaintiff qualified as a seaman is a mixed question of law and fact, and as this is a close case based on the fact, the Court cannot grant summary judgment.

2. Summary Judgment

In the motion for summary judgment, the Defendants provide two arguments in favor of granting summary judgment; first, that the Plaintiff and Defendant did not enjoy an employer-employee relationship, as required to sustain a Jones Act action, and second, that the Plaintiff does not qualify as a seaman, which is also required for a Jones Act action.

This Court FINDS that the facts presented in these motions do not establish whether an employer-employee relationship existed, and further, this Court FINDS that the facts provided do not establish whether the Plaintiff qualifies as a seaman under the statute. Therefore, the Court DENIES the Defendants' motion for summary judgment.

(a) Employee-Employer Relationship

To bring a Jones Act claim, the Plaintiff must have an employee-employer relationship with the Defendant. 46 U.S.C.A. § 30104 (a) (West 2012) ("A seaman injured in the course of *employment* . . . may elect to bring a civil action at law . . . against the *employer*." (emphasis added)). Whether such a relationship exists "must be determined under maritime law, and the burden of proof is on the seaman. . . ." Wheatley v. Gladden, 660 F.2d 1024, 1026 (4th Cir. 1981) (internal citations omitted). The Fourth Circuit enumerated a number of factors to consider when

4

determining if an employer-employee relationship exists. See id. These include: "the degree of control exercised over the details of the operation, the amount of supervision, the amount of investment in the operation, the method of payment and the parties understanding of the relationship." Id.

For a fact to be considered undisputed in a motion for summary judgment, it must be established such that a reasonable fact-finder could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. The non-moving party, however, holds the burden in this case to produce evidence that an employer-employee relationship exists. See Doyle, 877 F.Supp. at 1005 (placing the burden on the non-moving party to "set forth specific facts" that show there is a genuine issue of material fact). Although the Plaintiff failed to specifically challenge the Defendants' facts, the Court's review of the record found that the facts established are insufficient to conclude that no reasonable fact-finder could find for the Plaintiff on the question of employment.

In examining the factors laid out in Wheatley, there is some evidence that the Defendants exercised control over the Plaintiff, were heavily invested in the operation, and that the parties understood the relationship to be an employer-employee relationship. In this case, the Plaintiff used the Defendant Melzer's boat to dredge oysters and the boat's expenses were paid by Defendant Melzer for at least part of the year. Pl's. Dep. 26-28, 42-44, 53-54. This shows control and investment by Defendant Melzer. Additionally, the Plaintiff understood the relationship to be an employer-employee relationship. Although the Plaintiff stated that he was self-employed, he also stated that he did work based on requests by Defendant Melzer, that he only sold his product to the Defendants, that the Defendants would sometimes pay him a salary, and that he thought the

5

Defendant Melzer was deducting taxes from his pay. Pl's Dep. 8-20, 26-28, 35-40, 42-44, 53-54. This provides evidence that, at a minimum, the Plaintiff viewed this relationship as an employer-employee relationship.

Whether a party qualifies as an employee of the defendant is "normally a factual [question] within the province of the [fact-finder]." Wheatley, 660 F.2d at 1026. In a motion for summary judgment, however, the court may grant summary judgment if by looking at the evidence in the light most favorable to the non-moving party and without weighing the credibility of the witnesses, the Court finds that a reasonable fact-finder could come to only one conclusion. See id., at 1027. In this case that standard is not met. The facts are not sufficient to shut the door on the Plaintiff's argument that he was an employee of the Defendant because there is evidence that the Defendant was heavily invested in and controlled the Plaintiff's work. Therefore, summary judgment on this ground is DENIED.

(b) Seaman Status

On the second issue, the Court FINDS that the evidence provided does not establish whether the Plaintiff qualified as a seaman who was injured in the course of his employment. Therefore, summary judgment cannot be granted on this ground.

The remedies provided by the Jones Act are only available to employees who qualify as seamen and the injury must come in the course of that employment. 46 U.S.C.A § 30104 (a) (West 2012) ("A *seaman* injured in the *course of employment* . . . ." (emphasis added)). To determine whether a plaintiff qualifies as a seaman, the Supreme Court has enumerated a two-part test. An employee is considered to have seaman status if (1) the person's "duties [] contribute to the function of the vessel or to the accomplishment of its mission" and (2) the person has "a substantial

connection to a vessel in navigation . . . that is substantial in terms of both its duration and nature." Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995).

Whether a person qualifies as a seaman is a status-based finding, meaning that seamen are protected "whenever they are injured in the *service of a vessel*, regardless of whether the injury occurs on or off the ship." Id. at 360 (emphasis added). Further, the Supreme Court directs courts to examine the overall nature of the employee's work rather than just using a "snapshot test," which is looking only at the incident of injury, to determine seaman status. See id. at 363. Finally, the question of whether a party qualifies as a seaman is a mixed question of fact and law, id. at 369, and "if reasonable persons, applying the proper legal standard, could differ as to whether the employee was a 'member of a crew,' it is a question for the [fact-finder]." McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356 (1991). The court may grant summary judgment on this issue "where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation," Chandris, Inc., 515 U.S. at 371, or where no reasonable fact-finder could find the Plaintiff was a seaman. See, e.g., Anderson, 477 U.S. at 248 (discussing that the standard for granting summary judgment requires that no reasonable jury could find for the non-moving party).

Based on the evidence provided, reasonable people could disagree whether the legal standard for a seaman has been met in this case. Although the Plaintiff was injured while working on land, the Court cannot look only at the incident of injury in a vacuum, and must instead examine the entire nature of the Plaintiff's work. See Chandris, Inc., 515 U.S. at 363, 371-72. The Plaintiff's deposition shows that he often went into navigable waters on Defendant Melzer's boat and that he did that regularly and often, both to catch crabs and to dredge oysters. Pl's. Dep. 9-20.

This provides some evidence with which a reasonable fact-finder could find that the Plaintiff's work contributed to the mission of the vessel, and that the work was substantial in nature and duration. Further, the fact that the Plaintiff did a host of jobs, including some sea-going work, for the Defendants provides some factual basis for the Plaintiff's argument that that he was injured in the course of employment. The standard required to grant summary judgment is not met based on the evidence presented, and it will be for the fact-finder to decide whether the facts demonstrate that the Plaintiff "contribute[d] to the function of the vessel or to the accomplishment of its mission" and whether the Plaintiff had "a substantial connection to a vessel." Chandris Inc., 515 U.S. at 368, and whether the injury occurred "in the course of employment." 46 U.S.C.A. § 30104 (a) (West 2012).

The burden is on the Plaintiff to prove the required elements at trial, but based on the evidence provided, reasonable people can disagree as to whether the Plaintiff was a seaman injured in the course of employment. Therefore, the Court DENIES the Defendants' Motion for Summary Judgment on this ground.

## CONCLUSION

The Court DENIES the Defendants' Motion for Summary Judgment. The Clerk is DIRECTED to send copies of this Order to all counsel of record.

                                                /s/
                                            Tommy E. Miller
                                 UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 19, 2012